Cause Writ No. WO960181-T(A) 83,257-01

ISRAEL CORONEL
TDCJ#1780504
    RELATOR,

V.

DALLAS COUNTY DISTRICT CLERK
IN HER/HIS OFFICIAL CAPACITY
    RESPONDENT.

§
§
§
§
§
§
§

IN THE 283RD JUDICIAL

DISTRICT COURT

DALLAS COUNTY, TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS
MAY 13 2015
Abel Acosta, Clerk

## A. PLANTIFFS ORIGINAL APPLICATION FOR WRIT OF MANDAMUS TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ISRAEL CORONEL, Relator, pro se in the above-styled and numbered cause of action and files this Original Application For Writ of Mandamus, pursuant to Article 11.07 Section 3(c) of the Texas Code of Criminal Procedure, and would show the Court the following:

## B. RELATOR.

## I.

1.01   Israel Coronel, TDCJ#1780504 is an offender incarcerated in the Texas Department of Criminal Justice and is appearing pro se, who can be located at Ramsey One Unit 1100 FM. 655 Rd., Rosharon, Texas 77583.

1.02   Relator presented his remedies but, there are other issues that should be taken in consideration because the case was raised and based in other case which is Relator's Son and the police report was only on Relator's Son's case.

1.03   The act sought to be compelled is ministerial, not discretionary in nature. T. C.C.P. Art. 11.07 Section 3(c) requires Respondent to immediately transmit to the Court of Criminal Appeals a copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that finding was made, if the convicting court decides that there are no issues to be resolved. No copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that finding was

Page 1 of 5

made have been transmitted to the Court of Criminal Appeals. Had such documents been transmitted to the Court of Criminal Appeals by Respondent as required by statute, Relator would have received notice from the Court of Criminal Appeals.

II.

C. RESPONDENT

2.01 Respondent GARY FITZSIMMONS, in her/his capacity as District Clerk of Dallas County, Texas has a ministerial duty to receive and file all papers in a criminal proceeding, and perform all other duties imposed on the clerk by law pursuant to T. C.C.A. Art. 2.21, and is responsible under T.C.C.P. 11.07 Sec. 3(c) to immediately transmit to the Court of Criminal Appeals a copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that finding was made if the convicting court decides that there are no issues to be resolved. GARY FITZSIMMONS, District Clerk, Dallas County may be served at her/his place of business at 133 N. Riverfront Blvd, LB 12 Dallas, Texas 75207.

III.

D. VIOLATION OF ARTICLE 11.07 OF THE TEXAS CODE OF CRIMINAL PROCEDURE

3.01 The Respondent violated Article 11.07 Section 3(c) of the Texas Code of Criminal Procedure by failing to provide a copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon that finding was made to the Court of Criminal Appeals within the time prescribed by law and within a reasonable time from the date on which the documents were requested to be transmitted.

3.02 Requests for the transmittal of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that finding was made, were made by Relator to Dallas, District Clerk GARY FITZSIMMONS, Dallas County, by mailed letters dated March 17, 2015, and May 4, 2015. Also, by mistake was sended to Dallas

Page 2 of 5

County a Plantiff's Original Application for Writ of Mandamus pursuant to Article 11.07 Section 3(c) of the Code of Criminal Procedure. True and accurate copy of the above letters are attached here to as Exhibit "A" and "B", and are incorporated by reference here in for all purposes.

3.03 To date posted in this Writ of Mandamus, Relator has received no response from Respondent regarding Relator's request for transmittal of a copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals.

3.04 As is clear from Relator's letters, Relator has put Respondent on notice that Relator seeks the transmittal of a copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals and that such records are required by the Court of Criminal Appeals to act on Relator's writ of habeas corpus that in State's First Response the trial Court considered Relator's claims and the convicting Court made an Order Designating issues of factual controverted unresolved that may be resolved by affidavits, depositions, interrogatories, or by hearings, and appointed April E. Smith to resolve the issues and prepare findings of fact and conclusions of law for the Court. The State made a Supplemental Response to the application, but it is unsuccessful, because it is mentioning the same as in their First State's Response. Relator has gone well beyond any requirement or obligations imposed upon him by the Texas Code of Criminal Procedure; In contrast to Relator's efforts, Respondent has wholly failed to comply with the Texas Code of Criminal Procedure to affor Relator the professional and common courtesy of any written responses to his correspondence and requests.

3.05 Article 11.07 Section 3(c) clearly states that "[i]f the convicting court decides that there are no such issues, the clerk shall immediately transmit [emphasis added] to the Court of Criminal Appeals a copy of the application, any answers filed, and a certificate

Page 3 of 5

reciting the date upon which that finding was made. Failure of the court to act within the allowed 20 days shall constitute such a finding. Texas Code of Criminal Procedure Article 11.07 Sec. 3(c) Respondent is in violation of this procedure, ministerial duties, and thus the laws of this state.

## IV.

### D. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Relator Israel Coronel TDC#1780504 pro se, respectfully requests a finding that the Respondent did not transmit documents to the Court of Criminal Appeals within a reasonable time after the date they were requested and that Relator brought this litigation in good faith and has substantially prevailed. Relator prays for an Order directing Respondent to transmit copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals as directed in Article 11.07 Section 3(c) of the Texas Code of Criminal Procedure and as requested in Relator's letters Exhibit "A" and "B".

Respectfully submitted

By: _Israel Coronel_
RELATOR

THE STATE OF TEXAS                    §
COUNTY OF BRAZORIA                     §
### E. AFFIDAVIT                       §

I swear under oath that the facts and allegations in the above APPLICATION FOR WRIT OF MANDAMUS are true and correct.

_Israel Coronel_
RELATOR

SIGNED UNDER OATH BEFORE ME, on this the 11th day of May 2015.

## F. CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above APPLICATION FOR WRIT OF MANDAMUS was served on Dallas County Clerk by placing a copy in the U.S. Mail addressed to DISTRICT CLERK GARY FITZSIMMONS 133 N. Riverfront LB 12 Dallas, TX. 75207 on the 6th day of April 2015, And was mailed to same address, And this second true copy of the above APPLICATION FOR WRIT OF MANDAMUS was served on Dallas County Clerk by placing a copy in the U.S. Mail addressed to DISTRICT CLERK GARY FITZSIMMONS 133 N. Riverfront LB 12 Dallas, TX. 75207 on this the 11th day of May 2015, and mailed to the CLERK ABEL ACOSTA for the Court of Criminal Appeals on same date the 11th day of May 2015.

Israel Coronel TDCJ# 1780504
RELATOR PRO SE
Ramsey One Unit
1100 FM. 655 Rd.
Rosharon TX. 77583

Cause Writ No. W0960181-T (A)

ISRAEL CORONEL,                            §
TDCJ# 1780504
          RELATOR.                         §    IN THE 283RD JUDICIAL

V.                                         §    DISTRICT COURT

DALLAS COUNTY DISTRICT CLERK               §    DALLAS COUNTY, TEXAS
IN HER/HIS OFFICIAL Capacity
          RESPONDENT.                      §

## ORDER

On this day, came on to be heard the foregoing Relators Application for Writ of Mandamus and it appears to the Court that the same should be: _____ GRANTED

IT IS THEREFORE ORDERED that the District Clerk immediately transmit to the Court of Criminal Appeals a copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that transmittal was made.

SIGNED on this the _____ day of _____, 20___.

_____
PRESIDING JUDGE

# EXHIBIT "A"

Trial Cause No. F09-60181-CR

Writ No. W09-60181-T (A) Ex Parte Israel Coronel

From: Israel Coronel TDCJ# 1780504
Ramsey One Unit
1100 FM. 655 Rd.
Rosharon, TX. 77583

Date: March 17th, 2015.

To: GARY FITZSIMMONS DISTRICT CLERK IN DALLAS COUNTY
Frank Crowley Courts Building
133 N. Riverfront, LB 12
Dallas, Texas 75207-4313

REQUESTING INFORMATION FROM WRIT NO. W09-60181-T(A) PRO SE, WHY NOT SEND TO THE
COURT OF CRIMINAL APPEALS

Dear CLERK,

I am Israel Coronel, currently incarcerated in Ramsey One Unit, and I'm Requesting that on December 8th, 2014, I filed and sent one copy of an application for a writ 11.07 pro se. The application was referred to the JUDICIAL 283RD, DISTRICT COURT. DALLAS COUNTY, TEXAS for processing, Case NO. W09-60181-T(A) Ex Parte Israel Coronel Applicant. I, Israel Coronel received the State's Response to Application filed on December 19th, 2014. The Court finds that each of the allegations set forth in the application are controverted unresolved factual issues which require additional evidence and/or testimony to be resolved. Then, later, I received a State's Supplemental Response to application for writ of habeas corpus filed on February 10th, 2015., Because trial Court made an order designating issues previously unresolved facts material to the legality of the applicants confinement exist.

Ministerials duty is, to receive, file, and timely forward application for writs of habeas corpus to Court of Criminal Appeals. 11.07 § 3(b)

Has been three months passed til this date since I sent that application. Why to long ???

Page 1 of 2

I would like to receive a notice from Court of Criminal Appeals whether or not the Court of Criminal Appeals received that application for writ 11.07 pro se No. W09-60181-T(A) so it can be reviewed and gave an opinion from the procedural default clearly established a wrongful conviction because it was based in "other police report", "other police department", "other case", which it was since the beginning from the "Petitioner's Son, Angel Coronel's case."

Please, send me information of "what had happened and took to long of time to send my 11.07 pro se application to the Court of Criminal Appeals, and why not the Court of Criminal Appeals received it yet, when already passed three months? Give me a reason for taking too long please.

"Thank you very much"

Respectfully submitted
Sincerely by: Israel Coronel
Israel Coronel TDCJ#1780509 Pro Se
Ramsey One Unit
1100 F.M. 655 Rd.
Rosharon, TX. 77583

Signed on the 17th, day of March 2015.

EXHIBIT "B"

Trial Cause No. F09-60181-T

From: Israel Coronel # 1780504
Ramsey One Unit
1100 FM. 655 Rd
Rosharon, TX. 77583

To: Dallas County Clerk - Gary Fitzsimmons
133 N. Riverfront. LB12
Dallas, Texas 75207-4313

## REQUESTING INFORMATION OF CASE WRIT NO. W09-60181-T (A)

Dear Clerk.

I am Requesting for information of case NO. W09-60181-T(A), I would like to know about my application that you supposed to send forward to the Court of Criminal Appeals at Austin. My application is an 11.07 Habeas Corpus pro se; Please, send it to the Court of Criminal Appeals. My purpose is to resolve this matter, because there are other issues to take in consideration about my case, issues like, in my case did not exists a "Police Report", my case was raised with another police report and other case, as I have investigated, there are rules of how to obtain an indictment, the indictment was made "absent charges", nor "affidavit sworn and unsigned". In violation of "Due Process of Law".

This is the third time that I send letter asking about my 11.07 pro se Application and you did not answered. Also, you did not answered the Application for Writ of Mandamus, and I need some explanations because I'm illegally detained and deprived of my liberty.

Please, answer to this letter, or Send My Application 11.07 No. W09-60181-T(A) To the Court of Criminal Appeals to be reviewed.
"Thank you very much".

Sincerely: by _Israel Coronel_

Respectfully submitted
Israel Coronel Petitioner Pro Se TDCJ# 1780504
Ramsey One Unit
1100 FM. 655 Rd
Rosharon. TX 77583

Executed and placed in the Mail box on this the 4th of May 2015.